IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KESIO JIMMY MESI, JR., | ) | CIVIL NO. 16-00630 BMK |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| HOSKIN & MUIR, INC. dba CARDINAL SHOWER ENCLOSURES, JOHN DOES 1-5, JANE DOES 1-5, DOE CORPORATIONS 1-5, DOE LLC 1-5, DOE PARTNERSHIPS 1-5, DOE NON-PROFIT ORGANIZATIONS 1-5, and DOE GOVERNMENTAL AGENCIES 1-5, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

## I.    INTRODUCTION.

On December 27, 2016, Plaintiff Kesio Mesi, Jr., filed a First Amended Complaint,[1] alleging one count of disability discrimination under Haw. Rev. Stat. § 378-2(1)(A), misidentified as § 378-2(a)(1)(A), and under the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq.  First Amended Complaint, ECF No. 13, PageID # 120.  Mesi alleges that he was "discharged from his employment based on his disability, and refused a short term accommodation to his lifting restrictions until he was released to work full duty." [2]  *Id.*, PageID # 119.

_____

[1]     On May 9, 2016, Mesi filed a complaint in state court, which was removed to federal court by Defendant Hoskin & Muir, dba Cardinal Shower Enclosures, based on diversity jurisdiction.  *See* ECF No. 1.  Hoskin & Muir filed a motion to dismiss the complaint, which was later withdrawn after Mesi filed his First Amended Complaint.  *See* ECF Nos. 7, 13, 15.

[2]     The First Amended Complaint states that Mesi seeks "damages for intentional infliction of emotional distress."  ECF No. 13, PageID # 121.  To the extent the First Amended

1

On June 19, 2014, Mesi alleges he suffered injuries while working for Hoskin & Muir, "which restricted his ability to lift more than 10 pounds." *Id.*, PageID #s 118-19. He allegedly filed a workers' compensation claim and reportedly submitted medical documents relating to his injury to Hoskin & Muir's insurance carrier. *Id.*, PageID # 119. Mesi says that he was "denied light duty work and remained off work and under the care of his treating physician." *Id.* On September 26, 2014, Joe Eglin, a manager at Hoskin & Muir, allegedly called Mesi at home to tell him that "he was terminated because he could not work without restrictions." *Id.* On October 6, 2014, Mesi alleges he "was released to full duty" work without any restrictions but did not go back to work as had already been fired. *Id.* Mesi alleges that he "had no prior warnings and was performing his job satisfactorily" before he was injured on the job. *Id.*

Mesi filed a disability discrimination charge with the Hawaii Civil Rights Commission and the Equal Employment Opportunity Commission. *Id.*, PageID # 118. On February 9, 2016, the Hawaii Civil Rights Commission issued a notice of dismissal and right-to-sue letter. *Id.* On March 4, 2016, the EEOC issued a dismissal and notice of rights letter. *Id.*

On January 9, 2017, Hoskin & Muir filed a motion to dismiss the First Amended Complaint. *See* ECF No. 16-1. That motion is denied.

## II.        STANDARD OF REVIEW.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court's review is generally limited to the contents of the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d

---

Complaint alleges a claim for intentional infliction of emotional distress, Hoskin & Muir seeks dismissal of that claim, arguing it is barred under Haw. Rev. Stat. § 386-5. ECF No. 16-1, PageID #s 139-40. Mesi concedes that this claim should be dismissed with prejudice. Plaintiff's Opposition Memorandum, ECF No. 21, PageID # 165. Accordingly, because the parties stipulate to the dismissal of this claim, any claim for intentional infliction of emotional distress against Hoskin & Muir is dismissed with prejudice.

979, 988 (9th Cir. 2001); *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *WMX Techs., Inc. v. Miller*, 197 F.3d 367, 372 (9th Cir. 1999). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *Sprewell*, 266 F.3d at 988; *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996). Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)).

To survive a Rule 12(b)(6) motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545 (internal citations omitted). The complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**III.        ANALYSIS.**

Mesi alleges that Hoskin & Muir discriminated against him by failing to provide reasonable accommodations and by unlawfully terminating him because of his disability.  *See* ECF No. 13, PageID #s 118-121.  Hoskin & Muir asserts that Mesi fails to state any prima facie disability discrimination claim.  *See* ECF No. 16-1, PageID #s 134-39; ECF No. 22, PageID # 174.

The ADA prohibits employers from discriminating against "a qualified individual on the basis of disability in regard to . . . the hiring, advancement, or discharge of employees." 42 U.S.C. § 12112(a).  Similarly, under Hawaii law, it is an unlawful discriminatory practice "[f]or any employer to refuse to hire or employ or to bar or discharge from employment, or otherwise to discriminate against any individual in compensation or in the terms, conditions, or privileges of employment" because of a person's disability.  Haw. Rev. Stat. § 378-2(a)(1)(A). A plaintiff has the initial burden of establishing a prima facie disability discrimination claim by showing that "(1) he is a disabled person within the meaning of the statute; (2) he is a qualified individual with a disability; and (3) he suffered an adverse employment action because of his disability."  *Hutton v. Elf Atochem N. Am., Inc.*, 273 F.3d 884, 891 (9th Cir. 2001).  The Hawaii Supreme Court has adopted this analysis for establishing a prima facie case of disability discrimination because of the similarities between the ADA and Hawaii law.  *See French v. Haw. Pizza Hut*, 105 Haw. 462, 467, 99 P.3d 1046, 1051 (2004).

With respect to the first prong, the ADA defines disability with respect to an individual, in relevant part, as "(A) a physical or mental impairment that substantially limits one or more of the major life activities."  42 U.S.C. § 12102(1).  Haw. Rev. Stat. § 378-1 similarly defines disability, in pertinent part, as "the state of having a physical or mental impairment

4

which substantially limits one or more major life activities." Haw. Rev. Stat. § 378-1; *see also* Haw. Admin. R. § 12-46-182. "An impairment covered under the ADA includes any physiological disorder," *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004), and "major life activities" include "lifting" and "working," 29 C.F.R. § 1630.2(i)(1)(i); *see also* Haw. Admin. R. § 12-46-182.

Hoskin & Muir contends that the First Amended Complaint fails to sufficiently allege that Mesi was "disabled." *See* Defendant's Motion to Dismiss, ECF No. 16-1, PageID #s 135-36. Hoskin & Muir apparently does not question that Mesi's inability to lift more than ten pounds constitutes a physical impairment, given that "lifting" is identified as a major life activity under the illustrative lists of the ADA and relevant Hawaii Administrative Rules. *See* 42 U.S.C. § 12102(2)(A); Haw. Admin. R. § 12-46-182; *see also* 29 C.F.R. § 1630.2(i)(1)(i). However, Hoskin & Muir argues that Mesi does not sufficiently allege that his lifting restriction substantially limits one or more major life activities. *See* ECF No. 16-1, PageID # 136.

Under federal law, "substantially limited" means that a person is "significantly restricted as to [the] condition, manner or duration under which he can perform a particular major life activity as compared to the condition, manner or duration under which the average person in the general population can perform that same major life activity." *Coons*, 383 F.3d at 885; *see also* 29 C.F.R. § 1630.2(j). Thus, in determining whether an impairment is substantially limiting, a court considers "the nature, severity, duration, and impact of the impairment." *Fraser v. Goodale*, 342 F.3d 1032, 1038 (9th Cir. 2003) (citing 29 C.F.R. § 1630.2(j)(2)(i)-(iii)); *see also* 29 C.F.R. § 1630.2(j)(4)(i) (noting that consideration of the condition, manner, and/or duration of time it takes the individual to perform the major life activity, as compared to most people in the general population, may be useful). Similarly, under Hawaii law, "substantially

limits" generally "means limited in the ability to perform a major life activity as compared to most people in the general population." Haw. Admin. R. § 12-46-182. However, an impairment "need not prevent, or severely or significantly restrict, a person from performing a major life activity in order to be considered substantially limiting." *Id.*

Under the 2008 amendments to the ADA, the definition of "disability" must be "construed in favor of broad coverage of individuals" to the extent permitted. 42 U.S.C. § 12102(4)(A). "'Substantially limits' is not meant to be a demanding standard," and thus, "the threshold issue of whether an impairment 'substantially limits' a major life activity should not demand extensive analysis." 29 C.F.R. § 1630.2(j)(1)(i), (iii). An impairment need not be permanent as "[t]he effects of an impairment lasting or expected to last fewer than six months can be substantially limiting." *See id.* § 1630.2(j)(1)(ix).

Mesi alleges that he suffered a work injury, "which restricted his ability to lift more than 10 pounds." ECF No. 13, PageID # 118-19. He also alleges that he filed a workers' compensation claim after suffering his injury at work, "remained off work and under the care of his treating physician" because he was reportedly denied "light duty work," and "submitted timely medical documents as directed by the company's insurance adjuster." *See id.*, PageID # 119. He alleges that he fully recovered from his injury about four months later but was reportedly terminated from his job because of his lifting restriction before that time. *See id.*, PageID #s 118-19. Viewed in the light most favorable to Mesi, these factual allegations, which illuminate the nature, severity, duration, and impact of Mesi's lifting restriction, are sufficient to put Hoskin & Muir on notice of Mesi's disability and to imply that his disability substantially limited a major life activity. *See Rico v. Xcel Energy, Inc.*, 893 F. Supp. 2d 1165, 1170 (D. N.M. Sept. 25, 2012) (finding factual allegations that employee's condition rendered him unable to

climb utility poles or to lift more than 60 pounds sufficient to survive a motion to dismiss); *Martinez v. Univ. Med. Ctr.*, Civ No. 13-00003, 2015 WL 315708, at *6 (D. Nev. Jan. 26, 2015) (observing that a 20-pound lifting restriction could qualify a plaintiff as being "disabled"). *Cf. Rodriguez v. John Muir Med. Ctr.*, Civ No. 09-0731, 2010 WL 1002641, at *2 (N.D. Cal. Mar. 18, 2010) (finding factual allegation that plaintiff had a back disability that impacted her ability to lift insufficient because plaintiff failed to say how she was substantially impaired by her purported disability). Accordingly, the First Amended Complaint sufficiently alleges that Mesi was "disabled."

With respect to the second prong, Mesi was required to be a "qualified individual." *See* 42 U.S.C. § 12112(a); *French*, 105 Hawaii at 467, 99 P.3d at 1051. To be a "qualified individual," Mesi had to have "the requisite skill, experience, education, and other job-related requirements of [his] employment position" and also had to be able to "perform the essential functions of such position" with or without reasonable accommodation. *See* Haw. Admin. R. § 12-46-182; 29 C.F.R. § 1630.2(m). Mesi alleges that he was hired on July 1, 2013, suffered a work injury on June 19, 2014, and "had no prior warnings and was performing his job satisfactorily" before his injury. ECF No. 13, PageID # 119. These factual allegations, when taken as true, indicate that Mesi was hired because he had the necessary requirements for his position and was able to perform the essential functions of the position before his injury, with or without reasonable accommodations. The First Amended Complaint therefore sufficiently alleges that Mesi was "qualified" for purposes of stating a disability discrimination claim.

With respect to the third prong, Mesi alleges that Hoskin & Muir discriminated against him by failing to accommodate his disability. *See* ECF No. 13, PageID # 119. Under the ADA, unlawful discrimination against a qualified individual on the basis of disability includes

"not making reasonable accommodations to the known physical . . . limitations of an otherwise qualified individual with a disability who is an . . . employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A). *See also* Haw. Admin. R. § 12-46-187(a) (noting that a disabled employee "must only let the employee know that some adjustment or change is needed to do a job because of limitations caused by a disability"). A reasonable accommodation must enable the employee to perform the duties of the position. *Barnett v. U.S. Air*, 228 F.3d 1105, 1115 (9th Cir. 2000); *see also* 29 C.F.R. § 1630.2(o)(1)(ii) (defining "reasonable accommodation" as "[m]odifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable an individual with a disability who is qualified to perform the essential functions of that position"); Haw. Admin. R. § 12-46-182 (same as 29 C.F.R. § 1630.2(o)(1)(ii)). Reasonable accommodations may include "job restructuring; part-time or modified work schedules; reassignment to a vacant position; . . . and other similar accommodations for persons with disabilities." 42 U.S.C. § 12111(9)(B); *see also* 29 C.F.R. § 1630.2(o)(2)(ii); Haw. Admin. R. § 12-46-182.

Mesi alleges he requested temporary "light duty work" due to his ten-pound lifting restriction, which he says Hoskin & Muir denied. ECF No. 13, PageID # 119. He alleges that, because he was reportedly denied light duty work, he remained off work under the care of his doctor for several months until he could be released to full duty work. *See id.* Hoskin & Muir argues that Mesi does not allege that light duty work was a reasonable accommodation. ECF No. 16-1, PageID # 137. Hoskin & Muir further contends that Mesi was required to allege more detailed facts, such as "the reasonableness of his requested accommodation, to whom he

made the request, how the requested accommodation would allow [him] to perform his job, and the interaction that occurred or failed to occur following the request." *Id.*

To survive a Rule 12(b)(6) motion to dismiss, the factual allegations need not be detailed but must be "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555. The factual allegations, when taken as true, suggest that Mesi asked the appropriate person at Hoskin & Muir to be allowed to perform "light duty work" and that request for a temporary modification of his job duties would have been a reasonable accommodation. This court can reasonably infer that Hoskin & Muir may have considered his request, denied it, and failed to provide any other reasonable and effective accommodation. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002). Viewed in the light most favorable to Mesi, the First Amended Complaint sufficiently states a discrimination claim alleging Hoskin & Muir failed to provide him with reasonable accommodations for his lifting restriction.

With respect to the third prong, Mesi also alleges that he was unlawfully terminated from his position with Hoskin & Muir because of his disability. ECF No. 13, PageID # 119. Under the ADA, "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . discharge of employees." 42 U.S.C. § 12112(a). Under Hawaii law, it is unlawful for an employer to discriminate by discharging an employee from employment on the basis of that employee's disability. *See* Haw. Rev. Stat. § 378-2. "Unlike a simple failure to accommodate claim, an unlawful discharge claim requires a showing that the employer terminated the employee because of his disability." *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1139 (9th Cir. 2001). The Ninth Circuit has recognized that a failure to accommodate claim and an unlawful discharge claim are essentially the same. *Id.*

Often, an employer's failure to accommodate a disabled employee results in the unlawful termination of that employee. *Id.* "The link between the disability and termination is particularly strong where it is the employer's failure to reasonably accommodate a known disability that leads to discharge for performance inadequacies resulting from that disability." *Id.* at 1140.

Mesi alleges that Joe Eglin, a manager from Hoskin & Muir, called him at home about three months after he suffered his work injury to tell him that he was fired "because he could not work without restrictions." ECF No. 13, PageID # 119. Mesi alleges that he was "discharged from his employment based on his disability." *Id.* Hoskin & Muir characterizes these allegations as "conclusory allegations and unwarranted inferences" such that this court need not credit them as true. ECF No. 16-1, PageID #s 138-39. However, this court considers these allegations to be factual in nature. Assuming these factual allegations are true, this court can reasonably infer that Hoskin & Muir's alleged failure to accommodate Mesi's lifting restriction led to his being fired on the basis that he could not lift more than ten pounds. In light of the factual allegations that Mesi was denied light duty work, could not work at all, and had to be under the care of his treating physician for several months until he was released to full duty work, this court can reasonably infer that the consequence of Hoskin & Muir's alleged failure to accommodate was Mesi's alleged unlawful termination. Accordingly, this court concludes that the First Amended Complaint sufficiently alleges that Mesi was unlawfully discharged because of his disability.

## IV.     CONCLUSION.

Based on the foregoing, the motion to dismiss is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 7, 2017.



/s/ Barry M. Kurren

Barry M. Kurren
United States Magistrate Judge

*Kesio Jimmy Mesi, Jr. v. Hoskin & Muir, Inc. dba Cardinal Shower Enclosures, John Does 1-5, Jane Does 1-5, Doe Corporations 1-5, Doe LLC 1-5, DOE Partnerships 1-5, DOE Non-Profit Organizations 1-5, and DOE Governmental Agencies 1-5*, Civ. No. 16-00630 BMK; ORDER DENYING DEFENDANT'S MOTION TO DISMISS.